# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

**KEVIN KNAPP, an individual on behalf of himself and others similarly situated,**

        **Plaintiff,**

v.

**ARAMARK BUSINESS CENTER, LLC**

        **Defendant.**

Civil Action No. _____

**OPT IN COLLECTIVE ACTION**
**JURY DEMANDED**

## COLLECTIVE ACTION COMPLAINT

Plaintiff, Kevin Knapp, on behalf of himself and others similarly situated, files the following Complaint, averring as follows:

1. This is a collective action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), brought on behalf of all persons who, at any time during the past three years and up until the date of entry of judgment are or were employed by Defendant Aramark Business Center, LLC (hereinafter "Defendant") and who were in a "similar situation" as Plaintiff Thomas.

### I. JURISDICTION AND VENUE

2. This Court has original jurisdiction over Plaintiff's claims pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331.

3. Venue for this action properly lies in the Middle District of Tennessee, pursuant to 28 U.S.C. §1391(b), because the claim arose in this judicial district.

## II. PARTIES

4. Defendant employed Plaintiff in Davidson County, Tennessee.

5. Upon information and belief, at all times, the wage and hour and all related employee compensation policies of Defendant are and were centrally and collectively dictated, controlled, and ratified.

6. Plaintiff, Kevin Knapp, is an adult individual residing in Old Hickory, Tennessee. Plaintiff was formerly employed by Defendant in a position known as "general ledger accountant." As a general ledger accountant, Plaintiff's primary duties were non-exempt under the Fair Labor Standards Act. Plaintiff was not a "certified public accountant" ("CPA"), nor has he ever held a CPA license. Plaintiff consents to be a party to this collective action pursuant to 29 U.S.C. §216(b). A copy of Plaintiff's consent form is attached as Exhibit A.

## III. FACTUAL BACKGROUND

7. This action is filed on behalf of Plaintiff and all employees of Defendant who performed work as "general ledger accountants" and who were improperly classified as an "exempt" employee under the Fair Labor Standards Act.

8. During Plaintiff's employment, Plaintiff and other similarly situated employees performed work in excess of forty (40) hours per week on a regular basis.

9. Under the Fair Labor Standards Act, "overtime must be compensated at a rate not less than one and one-half times the regular rate at which the employee is actually employed" during the first forty (40) hours of work. 29 C.F.R. § 778.107.

10. When Plaintiff and other similarly situated employees worked more than forty (40) hours during a week, Defendant did not compensate the employee at a rate of "one and one-

half times the regular rate at which [the employees] actually employed" for the first forty (40) hours of work. *See* 29 C.F.R. § 778.107.

11. Rather, Plaintiff and other similarly situated employees were paid a purported "salary" without any chance to be paid overtime.

12. Plaintiff frequently worked over forty (40) hours per week, yet did not receive any overtime premium under the FLSA for hours worked over forty (40).

13. Instead, Defendant incorrectly classified Plaintiff and other similarly situated employees as "exempt" from the requirement to pay additional compensation for hours worked in excess of forty (40) under the Fair Labor Standards Act.

14. However, the actual job duties of Plaintiff and other similarly situated employees were not those of "exempt" employees.

15. Defendant's failure to pay Plaintiff and other similarly situated employees overtime wages is a willful violation of the FLSA.

16. Defendant is unable to bear its "substantial burden" of showing its failure to comply with the FLSA was in good faith and predicated on reasonable grounds.

17. Some evidence generally reflecting the number of uncompensated hours worked by each class member and the compensation rates for the relevant work periods is in the possession of Defendant. While Plaintiff is unable to state at this time the exact amount owing to the class, Plaintiff proposes to obtain such information by appropriate and focused discovery proceedings to be taken promptly in this action, and request that damages or restitution be awarded according to proof thus obtained and presented to the Court. When an employer fails to keep such time records, employees may establish the hours worked solely by their testimony and the burden of overcoming such testimony shifts to the employer.

## IV. COLLECTIVE ACTION ALLEGATIONS

18. The preceding paragraphs are incorporated by reference as if the same were fully set forth herein.

19. Plaintiff brings this collective action on behalf of Plaintiff and all other persons similarly situated pursuant to 29 U.S.C. §§ 207 and 216(b), specifically, as follows:

> All persons employed within the three years preceding the filing of this action by Defendant, who were general ledger accountants and paid a purported salary, without any additional compensation for hours worked over forty (40) per workweek. The collective action mechanism is superior to other available methods for a fair and efficient adjudication of the controversy.

20. Plaintiff will fairly and adequately protect the interests of the class, as his interests are in complete alignment with those of the entire class, i.e., to prove and then eradicate Defendant's illegal employment practice of not paying overtime wages to their non-exempt employees.

21. Counsel for Plaintiff will adequately protect the interests of the class. Such counsel is experienced with class/collective litigation and has previously served as class counsel in FLSA litigation.

22. Plaintiff and the class Plaintiff represents have suffered and will continue to suffer irreparable damage from the illegal policy, practice and custom regarding Defendant's pay practices.

23. Defendant has engaged in a continuing violation of the FLSA.

## V. COLLECTIVE ACTION CLAIMS

24. The allegations set forth in the preceding paragraphs are incorporated herein.

25. At all relevant times, Defendant has been an employer engaged in interstate

commerce consistent with 29 U.S.C. § 207(a). At all relevant times, Defendant employed Plaintiff and each member of the collective action class consistent with the terms of the FLSA.

26. At all relevant times, Defendant was an "employer" under the Fair Labor Standards Act.

27. As a consequence of Defendant's employment practices whereby it paid Plaintiff and similarly situated employees a purported "salary" without any additional compensation for overtime hours, Plaintiff and class members were denied statutory overtime wages.

28. Plaintiff and class members were "employees" of Defendant within the meaning of the FLSA and, as such, were entitled to the benefits of the FLSA's overtime wage requirements.

29. Plaintiff demands a jury to try this case.

30. Based upon the foregoing, Plaintiff brings the following claims against Defendant on behalf of herself and others similarly situated: Willful violation of the Fair Labor Standards Act.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests:

A. All applicable statutory law damages;

B. All unpaid overtime wages.

C. A declaration that Defendant has violated the FLSA;

D. An order designating this action as an opt in collective action for claims under the FLSA and directing the issuance of notice pursuant to 29 U.S.C. §216(b) for the FLSA claims of the class;

E. An order appointing Plaintiff and Plaintiff's counsel to represent those individuals opting in to the collective action;

F. An Order awarding counsel for Plaintiff reasonable attorneys' fees and costs; and

G. Any further relief which the Court deems appropriate under the circumstances.

Respectfully submitted,

GILBERT RUSSELL McWHERTER
SCOTT BOBBITT, PLC

*/s/ Michael L. Russell*
Michael L. Russell (20268)
341 Cool Springs Boulevard, Suite 230
Franklin, Tennessee 37064
Telephone: 615-354-1144
mrussell@gilbertfirm.com

*/s/ Emily S. Emmons*
EMILY S. EMMONS (#33281)
341 Cool Springs Boulevard, Suite 230
Franklin, Tennessee 37067
Telephone: 615-354-1144
Email: eemmons@gilbertfirm.com

*ATTORNEYS FOR PLAINTIFF and others similarly situated*